# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

HANK AARON MCLEMORE,            )
                                )
            Plaintiff,           )
                                )
v.                              ) Case No. CIV-15-506-JHP-KEW
                                )
NANCY A. BERRYHILL, Acting      )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff Hank Aaron McLemore (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on March 2, 1992 and was 22 years old at the time of the ALJ's decision. Claimant completed his education through the eighth grade with special education classes. Claimant has no past relevant work. Claimant alleges an inability to work

3

beginning March 1, 2002 due to limitations resulting from mental impairments, bipolar disorder, personality disorder, major depression, and traumatic brain injury.

**Procedural History**

On March 28, 2012, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge ("ALJ") John W. Belcher by video on December 16, 2013 with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on March 18, 2014. On October 28, 2015, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform a full range of work at all exertional levels but with non-exertional limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to engage in a proper step three analysis.

**Consideration of a Listing**

In his decision, the ALJ determined Claimant suffered from the severe impairments of affective disorder, borderline intellectual functioning, and substance abuse. (Tr. 13). He concluded that Claimant retained the RFC to perform a full range of work at all exertional levels if the substance abuse abated. (Tr. 16). The ALJ concluded Claimant suffered from the non-exertional limitations of being limited to simple tasks in a habituated work setting that is object oriented, incidental contact with co-workers or supervisors, no close proximity to co-workers, and no contact with the public. Additionally, after consultation with a vocational expert, the ALJ determined that Claimant could perform the representative jobs of salvage laborer, package sealer, and hand launderer, all of which the expert testified existed in sufficient numbers in the national and regional economies. (Tr. 23-24). Based upon these findings, the ALJ concluded Claimant's substance abuse disorder was a contributing factor material to the determination of disability and that Claimant would not be disabled if he stopped the substance use. (Tr. 24).

Claimant first contends the ALJ erred when he failed to find Claimant met a listing. Specifically, Claimant asserts that he meets the criteria for Listing 12.05(C) for mental retardation. Among the criteria for this Listing is a requirement that the evidence demonstrates or supports onset of the impairment before age 22, a valid verbal, performance, or full scale IQ of 60 through 70, and a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05(C).

The ALJ is required to follow the procedure for determining mental impairments provided by regulation. 20 C.F.R. §§ 404.1520a, 416.920a; *See*, Listing of Impairments. The procedure must be followed for the evaluation to be considered valid. <u>Andrade v. Sec. of Health & Human Services</u>, 985 F.2d 1045, 1048 (10th Cir. 1993). The ALJ must first determine whether there are medical findings of mental impairment especially relevant to the ability to work found in Part A of the Listing of Impairments. 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). Additionally, Claimant must show he satisfies two of the following required restrictions: (1) marked restriction in activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or

6

(4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00C, 12.04. The ALJ must then either evaluate the degree of functional loss resulting from the impairment, using the Part B criteria, or examine the special criteria set forth in the listings for evaluating the severity of particular impairments. In asserting a condition meets a listing, a claimant bears the burden of demonstrating that his impairment "meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severe, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

The ALJ found that Claimant's substance abuse disorders met Listings 12.04 and 12.09. (Tr. 14). He found Claimant suffered from marked limitations in the functional areas of social functioning, concentration, persistence, or pace, and moderate limitations in activities of daily living. Id. He subsequently concluded, however, that Claimant would not meet or equal these Listings if he stopped his substance abuse. (Tr. 15). Absent the substance abuse, the ALJ found Claimant would only have moderate limitations in social functioning and in concentration, persistence, or pace, and no episodes of decompensation. Id. He also found that Claimant would continue to have borderline intellectual functioning even if the substance abuse was stopped. Id.

7

Claimant suggests that the ALJ should have determined he met or equaled Listing 12.05C. To meet or equal Listing § 12.05C, a claimant must demonstrate the following:

> 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> \* \* \*
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.
>
> \* \* \*

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05C.

Claimant must satisfy all of these required elements for a Listing to be met. <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). Claimant references the Social Security Administration's Program Operations Manual System ("POMS") No. DI 24515.056(D)(1)(c) which provides the following instructions under Listing 12.05C:

> Slightly higher IQ's (e.g., 70-75) in the presence of other physical or mental disorders that impose additional and significant work-related limitations of function may support an equivalence determination. It should be noted that generally higher the IQ, the less likely medical equivalence in combination with another physical or mental impairment(s) can be found.
>
> POMS DI 24515.056(D)(1)(c).

"This evaluation tool, however, is used only when 'the capsule definition'" — i.e., the introductory paragraph—of Listing 12.05 is satisfied. Crane v. Astrue, 369 F. Appx. 915, 921 (10th Cir. 2010) (quoting POMS DI 24515.056(B)(1)). The introductory paragraph or "capsule definition" of Listing 12.05 requires a claimant to satisfy three criteria: (1) "significantly subaverage general intellectual functioning;" (2) "deficits in adaptive behavior;" and (3) "manifested deficits in adaptive behavior before age 22." Wall v. Astrue, 561 F.3d 1048, 1062 (10th Cir. 2009); Randall v. Astrue, 570 F.3d 651, 661 (5th Cir. 2009).

The ALJ concluded as to Listing 12.05C that

> Finally, the "paragraph C" criteria of 12.05 would not be met because the claimant would not have a valid verbal, performance or full scale IQ of 60 through 70 and physical or other mental impairment imposing an additional and significant work-related limitation of function. Despite the claimant's mental impairments, the evidence does not establish the presence of the "C" criteria. There is no evidence of repeated episodes of decompensation of extended duration. He does not have a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the claimant to decompensate. He does not have a current history of 1 or more years' inability to function outside a highly supportive living arrangement with an indication of continued need for such an arrangement.

(Tr. 16).

On December 1, 2010, Claimant was evaluated by Dr. B. Todd Graybill, a clinical psychologist. He was 18 years old at the time of this evaluation. Administering the WAIS-III testing, Dr.

9

Graybill found Claimant to have a verbal IQ of 72, performance IQ of 74, and a full scale IQ of 70, placing him in the borderline range of intellectual functioning. Dr. Graybill stated in his report that "the testing is a valid representation of [Claimant's] current intellectual abilities." (Tr. 435). Claimant also notes that the ALJ found him to continue to have moderate difficulties in social functioning and with regard to concentration, persistence, or pace without the substance abuse, which constitutes significant work-related limitation of function. (Tr. 15). Based upon the findings made by the ALJ to discount Claimant's qualification to meet or equal Listing 12.05C, this Court must conclude that the ALJ's findings are unsupported by the evidence and must be re-evaluated in light of the medical findings and the requirements of the Listing.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.

Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 21st day of February, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE