IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

HANK AARON MCLEMORE,            )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. CIV-15-506-JHP-KEW
                                )
NANCY A. BERRYHILL, Acting      )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Claimant's Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Docket Entry #27) and Supplement to Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Docket Entry #30). By Order entered May 16, 2017, United States District Judge James Payne who presides over this case referred the subject Applications to the undersigned for the entry of Findings and a Recommendation. By Order and Judgment entered March 16, 2017, Judge Payne reversed the decision of the Commissioner to deny Claimant's application for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 23.20 hours of time expended by his attorney at the stipulated fee rate and 4.30 hours for counsel's paralegal for a total request of $4,955.80 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending her

position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that the ALJ was reasonable in determining that Claimant did not meet the criteria for Listing 12.05C. The ALJ's threshold finding that Claimant did not have the requisite possess the requisite IQ testing of between 60 and 70 required remand in light of the testing results of Dr. Graybill. This position was not

substantially justified due to the presence of objective testing n the record regardless of any other required findings under the capsule definition.

Within the reply, Claimant requests an additional $448.50 for the preparation of the reply brief. This request is reasonable and shall be reimbursed.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Claimant's Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Docket Entry #27) and Supplement to Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Docket Entry #30) be **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $5,404.30.

IT IS FURTHER RECOMMENDED that, in accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within

fourteen (14) days will preclude appellate review of this decision by the District Court based on the findings made herein.

    IT IS SO ORDERED this 22nd day of May, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE